# Richmond.

ALICE J. CLARKE v. J. CALVIN MILLER AND OTHERS.

January 19, 1928.

Absent, Burks, J.

BUILDING RESTRICTIONS AND RESTRICTIVE AGREEMENTS—*Injunction for Violation—Covenants Running with the Land—Case at Bar.*—In the instant case defendant was enjoined from erecting stores on a boulevard in a subdivision in which lots were sold with the following restrictions, which were included in the deed to defendant's predecessor in title: That the lots as shown on the plan shall be adhered to and no scheme of facing lots or houses in any other direction shall be permitted and "that one lot shall constitute a building site for one residence only." Defendant had both record and actual notice, at the time of her purchase of the lots, of these restrictions.

*Held:* That the covenants ran with the land and that defendant might be enjoined from violating these restrictions.

Appeal from a decree of the Hustings Court, Part II, of the city of Richmond. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*David Meade White, Pollard & Smith,* and *LeRoy R. Cohen, Jr.,* for the appellant.

*Willis D. Miller, Thos. R. Miller,* and *Smith & Gordon,* for the appellees.

PRENTIS, P., delivered the opinion of the court.

The appellant, Alice J. Clarke, has been enjoined from erecting three stores fronting upon Brookland

Park Boulevard, in the subdivision described as Ginter Park Terrace, in the city of Richmond. The reasons therefor appear sufficiently from this quotation from the decree appealed from:

"* * the court, being of the opinion from the exhibits, depositions and evidence and the agreed statement of facts filed herein, that the several covenants and building restrictions set forth in the deed of Ginter Park Realty Corporation to Annie C. Clarke, dated November 12, 1915, and recorded in Deed Book 236-A, page 12, clerk's office of the Chancery Court of the city of Richmond, Virginia, defendant's predecessor in title, were and are covenants running with the land, of which covenants and restrictions the defendant, Alice J. Clarke, had both record and actual notice at the time of her purchase of said lots in question and expressly agreed thereto and that said subdivision known as Ginter Park Terrace was platted and sold, and said several covenants and restrictions uniformly placed and incorporated in the deeds to its respective purchasers and for their benefit and for the benefit of their successors in title, and that such lots in said subdivision were sold under a general and uniform plan and scheme for the benefit of all of said lots and the purchasers thereof and as a restricted residential section and subdivision and that there has been no change in the character of the neighborhood or subdivision or of the street known as Brookland Park Boulevard within this subdivision, as to render the issuance of this injunction inequitable, and that the erection of the three stores facing Brookland Park Boulevard, as now being built by defendant, Alice J. Clarke, is a violation of covenant number 5, in said deed, which is as follows: 'That the layout of the lots as shown on the plan of Ginter Park Terrace shall be adhered to, and no scheme of facing lots or

houses in any other direction shall be permitted,' and is also a violation of covenant number 7, in said deed, which is as follows: 'That one lot shall constitute a building site for one residence only,' and is a violation of plaintiffs' rights and interests,   *   *." Then follows the injunction.

No two cases present precisely similar facts, but the facts so found by the trial judge are sustained by the testimony in this cause. The conflicts are immaterial, and it is unnecessary to recite further particulars.

The principles of law applicable to such restrictive covenants in deeds have been frequently stated by the courts. While there may be some confusion in the application of these principles under varying facts to particular cases, the views which have received the approval of this court have been so recently, so fully and so clearly expressed that it is unnecessary to repeat them. The case is controlled by the principles enforced in *Elterich* v. *Leicht Real Estate Co.*, 130 Va. 224, 107 S. E. 735, 18 A. L. R. 441; *Whitehurst* v. *Burgess*, 130 Va. 572, 107 S. E. 630; *Stevenson* v. *Spivey*, 132 Va. 115, 110 S. E. 367, Note 21 A. L. R. 1276 (in which the injunction was denied); and *Cheatham* v. *Taylor*, 148 Va. 26, 138 S. E. 543; and there is no error in the decree.

*Affirmed.*